## WHALEY *vs.* COOPER & COMPANY.

The discretion of the court below was not abused in overruling the motion to set aside the judgment in this case.

(*a*) If the plaintiff in error had a good ground of continuance at the term at which the verdict against him was rendered, he should have then filed his bill of exceptions to the refusal of the court to continue, and not waited until the next term of the court and then moved to set aside the judgment.

February 20, 1889.

Judgments. Continuance. Practice. Before Judge FORT. Webster superior court. April term, 1888.

C. & G. Cooper & Co. sued I. A. Whaley on three promissory notes given for the purchase price of an engine. The defendant filed pleas of the general issue and failure of consideration. On November 9, 1887, during the October adjourned term of the court, a verdict for principal, interest and attorneys' fees was rendered in favor of the plaintiffs, and judgment was entered the same day. At the succeeding April term, Whaley moved to set aside this judgment, alleging that it was rendered during his providential absence from court; that during all the previous term, he was physically unable to leave his home, having just prior to that time received a severe injury on his head by being struck by a piece of shafting at his gin, which inflicted a serious and painful wound, and so distracted him mentally that he could not attend to any business; that he communicated the fact of his inability to attend court to his counsel, but they were unable to prevent the rendition of the judgment; and that the plaintiffs caused execution to issue, and threaten to have it levied. He further alleges that, since this motion was first sworn to, the

execution has been levied and is proceeding illegally for the aforesaid reason.

In response to this motion, it was denied that Whaley was unable to attend court at the trial. It was alleged that F. M. McKinney saw Whaley in his yard on the evening before the trial, going towards where some of his hands were at work, and seeming to be in good enough health to attend to business; that he showed McKinney the hurt on his head, and it did not seem to amount to much; that his pretence of not being able to attend court was a device to postpone the trial; that he said to one of plaintiffs' attorneys afterwards, "I don't say I was not able to go to Preston; I was able, but I wasn't fit for business"; that plaintiff had no valid defence to the suit, and could not have prevented the rendition of the verdict and judgment had he been present; that he was in *laches* in not presenting to the court proof as to his sickness, if such proof existed, which he was able to do, but made no excuse for not so doing; that on the call of the case, the judge heard evidence of both sides as to a continuance, after which he overruled a motion therefor, and this is *res adjudicata;* and that if defendant was not satisfied with the court's ruling, he should have carried the case to the Supreme Court by bill of exceptions. This response was sworn to by F. M. McKinney, who further deposed "that said case, although originally belonged to C. & G. Cooper & Co. and was brought in their name, but now belongs to said F. M. McKinney, with right of original plaintiffs to proceed in their names, is the reason why McKinney makes the response to the motion."

On the hearing, Whaley's affidavit, containing the facts set forth in his motion was introduced. He further deposed that the blow he received rendered him

unconscious and kept him in bed three weeks, and while afterwards he was not in bed all the time, he was unable to attend to any business; that the pain in his head was so great that he could not keep his bed, but walked about his yard for relief; that he saw McKinney coming to the place during the court term, suspected his motive, and had ample time to have got back in the house had he been so inclined, but did not do so, but showed McKinney his wound and told him he was unable to attend court; that while he had a valid defence to the suit, and sued out testimony to prove the same, such evidence was unavailing without his presence; that this case was never before continued on his account but once, when he broke his leg, and he was never absent from the court in several years except the two times mentioned; and that he made no threat to continue the case, nor told McKinney that he kept a case in court twelve years before he could be forced to trial.—Other affidavits were introduced, sustaining Whaley as to the severity of his injury, and as to his mill being shut during the court week.—The interrogatories of a witness as to the Cooper engines not being first-class were introduced.

McKinney made affidavit in support of the response, stating that when Whaley showed the wound on his head, it appeared to be very slight and nearly well; that he did not seem to be too unwell to attend court; that Whaley had told deponent, at the commencement of the case that they would have a happy time collecting the money or getting a judgment, as another party had a case against him for ten or twelve years and had never been able to get a trial, etc.—Ansley made affidavit supporting the response as to the words Whaley used to him. Another person deposed to facts tending to corroborate McKinney as to what passed between

him and Whaley at the home of the latter on the day before the trial.—Interrogatories of various witnesses to show the excellent quality, power, etc. of the engine, were introduced.

In rendering his decision, the court stated that, according to the practice of this court, this case, with others, was called on Monday of the October adjourned term for announcement; that Whaley's counsel announced that he was not ready because of the providential absence of Whaley, and submitted the evidence of a witness as to Whaley's sickness; that this showing was not satisfactory to the court, but further time of a day or two was given, and an additional showing and counter-showing were heard, and the motion to continue was overruled; and that on the second showing, an affidavit for Whaley was submitted purporting to be signed before S. B. Glass, J. P., of Webster county, when it was known to the court that there was no such J. P. in Webster, but was in Sumter, county. He overruled the motion to set aside the judgment, and the defendant excepted.

E. G. SIMMONS and E. A. HAWKINS, for plaintiff in error.

J. B. HUDSON and J. A. ANSLEY, contra.

SIMMONS, Justice.

There was no error in overruling the motion to set aside the judgment in this case. It was a matter within the discretion of the court, and we do not think the court in this case abused that discretion. If the plaintiff in error had a good ground of continuance at the term at which the verdict was rendered against him on the notes, and the court refused to continue, he should

have filed his bill of exceptions at that term, and should not have waited until the next term of court and then moved to set aside the judgment.

Judgment affirmed.